JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

1231 Barrage Incorporated

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Flaster Greenberg PC, 1717 Arch Street, Suite 3300
Philadelphia, PA 19103 (215) 546-1730

## DEFENDANTS

Good Baby Management, LLC

County of Residence of First Listed Defendant __Denver__
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 2201
Brief description of cause:
Alleged infringement of Plaintiff's "Garage" trademark in Philadelphia by Defendant's use of "Garage Sale" / "Garage Sale Vintage"

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  N/A

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   October 15, 2024

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: __1148 Frankford Avenue, Philadelphia, PA 19125__

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☒ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

Jordan A. LaVine (PA Bar No. 78503)
Eric Clendening (PA Bar No. 316795)
Laura Lipschutz (PA Bar No. 327974)
Flaster Greenberg P.C.
1717 Arch Street, Suite 3300
Philadelphia, PA 19103

*Attorneys for Plaintiff, 1231 Barrage Incorporated*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| 1231 BARRAGE INCORPORTED,<br><br>               Plaintiff,<br><br>v.<br><br>GOOD BABY MANAGEMENT, LLC,<br><br>               Defendant. | CIVIL ACTION NO.<br><br>**COMPLAINT** |

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff, 1231 Barrage Incorporated (hereinafter "Plaintiff"), by its undersigned attorneys, and for its Complaint for Declaratory Relief against the defendant, Good Baby Management, LLC (hereinafter "Defendant"), for trademark infringement and unfair competition in violation of federal and state law, states as follows:

**NATURE OF ACTION**

1.      This is an action for declaratory judgment under 28 U.S.C. §§ 2201-2202, arising out of a dispute regarding the well-established common law trademark rights of Plaintiff in its *Garage* trademark and Defendant's planned use of the similar mark *Garage Sale Vintage* (or simply *Garage Sale*) (collectively referred to herein as *Garage Sale Vintage*) at a location <u>directly across the street</u> from Plaintiff's *Garage* bar location in the Fishtown neighborhood of

Philadelphia, which has been a staple in Philadelphia since 2013, and in Fishtown specifically since 2016.

2. Plaintiff seeks a declaration that Defendant's use of the trademark **Garage Sale Vintage** with services that prominently include bar services identical to Plaintiff's bar services will constitute trademark infringement and unfair competition under federal and state law.

3. An actual, substantial, and justiciable controversy exists between Plaintiff and Defendant regarding Defendant's planned use of the trademark **Garage Sale Vintage** in Philadelphia. Defendant's planned use of the mark has been publicly announced and is being discussed in the local media and on social media. Defendant has also signed a real estate lease for the exact location where Defendant's establishment will be located, and plans are underway for Defendant to open its bar under the **Garage Sale Vintage** trademark in early 2025. *See* **Exhibit A**, a newspaper article discussing Defendant's plans to open the business in question.

4. Through multiple letters from Plaintiff's counsel to Defendant's counsel, Plaintiff has forcefully objected to Defendant's use of the **Garage Sale Vintage** trademark with a business across the street from Plaintiff's similarly named business, but Defendant has refused to refrain from using the confusingly similar trademark in Philadelphia. Defendant has also apparently instructed its landlord for the planned location of its business to send a threatening email to Plaintiff's counsel, wherein a representative of Defendant's landlord made personal accusations against Plaintiff's counsel and stated in part "[p]lease know and tell your clients that either they back down, or I will personally go to the mat against you and them to make sure our tenant Garage Sale Vintage not only opens, but is compensated for your legal maneuvering. So this can go down amicably, or you can persist in your ridiculous and borderline malpractice position on this issue, in which case I will use all legal remedies to make this right. Get a life."

2

5.     Plaintiff seeks a judicial determination that Defendant's use of the trademark *Garage Sale Vintage* will infringe Plaintiff's trademark rights in its long-established *Garage* trademark and that Defendant's use of such trademark would cause irreparable harm to Plaintiff. As described above and further below, this case meets the case and controversy requirement of 28 U.S.C. §§ 2201-2202, and the standard set forth in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S. Ct. 764 (2007) and its progeny. Under all of the facts and circumstances described in this Complaint, a definite and concrete controversy exists between parties having adverse legal interests, the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, and such a declaration would not simply amount to an opinion advising what the law would be upon a hypothetical state of facts.

## PARTIES

6.     Plaintiff is a Pennsylvania corporation with an address of 1231-33 East Passyunk Avenue, Philadelphia, PA 19147.

7.     Defendant is a Colorado limited liability company with an address of 1616 17th Street, Suite 362, Denver, CO 80202.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (Lanham Act), and 28 U.S.C. §§ 1331, 1338, and 2201, as this action arises under federal trademark law and seeks declaratory relief. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

9.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim have occurred or will occur in this District.

10. Defendant has personally availed itself of the privileges and benefits of conducting business in Pennsylvania and this District. Consequently, Defendant should have reasonably believed that it would be subject to personal jurisdiction in Pennsylvania and anticipate being hailed into the U.S. District Court for the Eastern District of Pennsylvania under this forum's law.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's Long and Successful Prior Use of its *Garage* Trademark

11. Plaintiff, through its management company Vintage Syndicate, has been operating bars and restaurants in Philadelphia for over 20 years. Among Plaintiff's numerous successful operations in Philadelphia is its ***Garage*** bar, which Plaintiff first opened in 2013 in South Philadelphia on Philadelphia's famous Passyunk Avenue.

12. In 2016, after achieving substantial success with its first location in South Philadelphia, Plaintiff expanded its ***Garage*** bar to a second location in the Fishtown neighborhood of Philadelphia at 100 E Girard Avenue. Plaintiff is currently in the process of building out its third location in Center City Philadelphia.

13. At both of Plaintiff's locations, Plaintiff's ***Garage*** trademark is displayed prominently on the building façade. A photograph of Plaintiff's Fishtown location, where the building façade bears Plaintiff's ***Garage*** trademark, is shown below:



14.     In addition to its bar services, Plaintiff also offers food and restaurant services at both of its *Garage* locations in Philadelphia.

15.     Through its many years of successful use of the *Garage* trademark in the Philadelphia area, Plaintiff has developed a very strong reputation and has amassed substantial goodwill under the *Garage* trademark. Upon its opening its first location in 2013, *Philadelphia* magazine, one of the most widely read magazines in the Philadelphia region, identified *Garage* as Philadelphia's best new bar and wrote "You no longer have to dread taking visitors on the requisite Pat's/Geno's hometown tour. Across from Cheesesteak Vegas, tucked behind an auto shop facade, this beer-centric spot serves only canned and bottled suds (from mid-priced IPAs to bargain PBR

pounders) and has Skee Ball and pool plus rotating chefs in a food cart, as well as a BYO cheesesteak policy." *See* **Exhibit B**, a copy of the referenced article from *Philadelphia* magazine.

16.     Philadelphia's Fishtown neighborhood has blossomed into a hub for art, music, cuisine, and culture in recent decades. See **Exhibit C**, a *Forbes* article from 2018 titled "How Fishtown, Philadelphia Became America's Hottest New Neighborhood." In fact, the intersection of Girard Avenue and Frankford Avenue, where Plaintiff's ***Garage*** bar is located and where Defendant plans to open its ***Garage Sale Vintage*** establishment, is one of the most popular and bustling nightlife intersections of Fishtown, as one article states "[Frankford and Girard was] already a hot spot a decade ago, the intersection has only grown in popularity." See **Exhibit D**.

17.     Plaintiff's ***Garage*** bars have, over the years, additionally been the subject of numerous favorable news articles and publicity in many of the most widely read publications in the Philadelphia area such as *The Philadelphia Inquirer*, *Philadelphia Business Journal*, and Eater Philadelphia. ***Garage*** was even mentioned during a feature on the widely watched national television program *The Daily Show* on Comedy Central. As noted in a 2016 article concerning the opening of Plaintiff's second location of ***Garage*** at the Fishtown location:

> [the] auto-body-shop-turned-beer-bar, Garage, has been one of East Passyunk Avenue's most successful contributions to Philly's bar scene in recent years (check out its notable mention on The Daily Show during the DNC) and by "early next week", Fishtown's Garage North hopes to follow suit.

*See* **Exhibit E**, a copy of the quoted article from Eater Philadelphia.

18.     As a result of the enormous success of ***Garage***, the ***Garage*** trademark has become exclusively associated with Plaintiff and the ***Garage*** trademark has become a very valuable asset of Plaintiff.

19.     Plaintiff's ***Garage*** trademark is inherently distinctive or, alternatively, has acquired distinctiveness through Plaintiff's long and successful use of the trademark in Philadelphia. As a result, Plaintiff's ***Garage*** trademark is a valid common law trademark in the greater Philadelphia area.

## Defendant's Recent Announcement of its Plans to Open a Bar Directly Across the Street from Plaintiff's *Garage* Bar in Fishtown under the Similar Name *Garage Sale Vintage*

20.     In August 2024, Plaintiff learned through an article published in the *Philadelphia Business Journal* that Defendant plans to open in Spring 2025 a "vintage clothing store and taco and margarita bar" under the name ***Garage Sale Vintage*** at 1148 Frankford Avenue in the Fishtown neighborhood of Philadelphia, which is <u>directly across the street</u> from Plaintiff's Fishtown ***Garage*** location at 100 E Girard Avenue, as shown with highlights in the maps below:



*Figure 1*



*Figure 2*



*Figure 3*

As described in the *Philadelphia Business Journal* article:

When Garage Sale Vintage opens, customers will be able to buy, sell or trade vintage clothes **in the same space they can grab a taco and a drink**. . . .

9

In addition, **Garage Sale Vintage serves a snack bar-style menu of tacos and drinks**. **Locations typically offer a menu of margaritas, mini martinis and spritzes, in addition to beer, wine and mocktails**. It also has a selection of street tacos such as slow cooked birria, pulled smoked chicken, ground beef, and vegetarian options.

. . . .

The forthcoming concept will add to the growing hospitality hub at the Frankford and Girard intersection, **which is also home to bars Johnny Brenda's and Garage Fishtown**, plus dining establishments like Joe's Steaks. It's about two blocks east of the Girard Station along the Market-Frankford Line.

(Emphasis added). *See* **Exhibit A**, a reprint of the quoted article from the *Philadelphia Business Journal.*

21.     Defendant also describes its *Garage Sale Vintage* business at its website: "Garage Sale Vintage is a perfectly curated vintage clothing store **with a full handcrafted cocktail bar**." (Emphasis added).   *See* **Exhibit F**, a printout from the relevant page of Defendant's Internet website. Defendant operates existing establishments under the *Garage Sale Vintage* name in New York City, Denver, Boulder, and Nashville.

22.     At its existing locations in New York City, Denver, Boulder, and Nashville, Defendant uses the mark on the exterior of the establishments in a manner that highlights only *Garage Sale* – with no mention of the word "Vintage" – which draws Defendant's mark even closer to Plaintiff's *Garage* mark, *e.g.*



Defendant's East Nashville location



Defendant's Boulder location

23.     On information and belief, Defendant has already signed a real estate lease with the owner of the building at 1148 Frankford Avenue, Alterra Property Group, and plans are underway for developing the space to accommodate Defendant's establishment and opening in early 2025, *e.g.*, in the email from Defendant's landlord for the planned location, the managing partner of the agency refers to Defendant as the landlord's "tenant." *See infra*.

24.    On October 28, 2022, Defendant filed a trademark application with the United States Patent and Trademark Office for the ***Garage Sale Vintage*** trademark, which matured to registration on December 5, 2023 as U.S. Registration Number 7235344. Defendant alleges in such registration that its earliest date of first use of the ***Garage Sale Vintage*** trademark was September 24, 2020 – more than seven (7) years after Plaintiff first used its ***Garage*** trademark in Philadelphia, and more than four years after Plaintiff opened its ***Garage*** location in Fishtown, Philadelphia.

25.    Under long-established law, Defendant's 2023 registration for the ***Garage Sale Vintage*** trademark with the U.S. Patent and Trademark Office does not provide it with sweeping trademark rights over the owners of prior-established common law trademark rights in particular geographic areas, and the prior common law users maintain priority over such subsequent registrants. Defendant's registration for its ***Garage Sale Vintage*** trademark has not achieved "incontestable" status under Section 15 of the Lanham Act.

**Plaintiff Has Attempted to Resolve the Dispute Amicably, but Defendant Has Refused to Agree to Refrain from Using the Similar Mark in Philadelphia**

26.    Upon learning of Defendant's proposed use of the ***Garage Sale Vintage*** mark, Plaintiff engaged counsel to send a letter dated September 4, 2024 to Defendant's counsel of record in the U.S. Patent and Trademark Office advising Defendant of Plaintiff's longstanding prior common law trademark rights in the ***Garage*** trademark in the Philadelphia region (and Fishtown specifically), informing Defendant that its proposed use of the ***Garage Sale Vintage*** trademark would cause confusion with Plaintiff's earlier used ***Garage*** trademark – especially because Defendant plans to open and operate its business directly across the street from Plaintiff's Fishtown location and because both establishments would likely be referred to simply as "Garage" – and

asking Defendant to refrain from using the ***Garage Sale Vintage*** trademark in Philadelphia. Plaintiff's counsel asked for a response to its letter by September 17. *See* **Exhibit G**.

27.     After not receiving any response to its September 4 letter from Defendant, Plaintiff's counsel sent Defendant's counsel a follow-up letter on September 23, 2024, noting the lack of response and reiterating Plaintiff's concerns. *See* **Exhibit H**.

28.     On September 24, 2024, Defendant's counsel sent a written response to Plaintiff's counsel and expressed Defendant's unwillingness to change its plans for using the ***Garage Sale Vintage*** trademark in Philadelphia. *See* **Exhibit I.**

29.     On September 30, 2024, Plaintiff's counsel responded to Defendant's counsel's September 24 letter, pointing out that that Defendant's counsel's letter had multiple factual errors and reiterated Plaintiff's demand that Defendant agree to refrain from using the ***Garage Sale Vintage*** trademark in Philadelphia. Counsel for Plaintiff asked for a response by October 4, 2024. *See* **Exhibit J**.

30.     On the evening of October 2, 2024, Plaintiff's counsel received an unsolicited email from a person named Leo Addimando, identified as the Managing Partner of Alterra Property Group, that read as follows:

> I have recently been made aware of your position on the common law trademark that you're claiming for your clients at the garage bar. Let me be clear and to the point. You have no credible case and you should be embarrassed as an attorney to even try and head fake our tenant into thinking that this is an issue. Please know and tell your clients that either they back down, or I will personally go to the mat against you and them to make sure our tenant Garage Sale Vintage not only opens, but is compensated for your legal maneuvering. So this can go down amicably, or you can persist in your ridiculous and borderline malpractice position on this issue, in which case I will use all legal remedies to make this right. Get a life.

Counsel for Defendant was copied on the email from Addimando to Plaintiff's counsel. *See* **Exhibit K**.

31.     On October 3, 2024, Plaintiff's counsel forwarded Mr. Addimando's email to Defendant's counsel, noting that Plaintiff's counsel would not be responding directly to Mr. Addimando, and reiterated the request for a response from Defendant to Plaintiff's counsel's September 30 letter. *See* **Exhibit L**.

32.     On October 4, 2024, Defendant's counsel sent an email to counsel for Plaintiff again expressing Defendant's unwillingness to refrain from using the ***Garage Sale Vintage*** trademark in Philadelphia. *See* **Exhibit M**.

33.     As evidenced by the history described above, Plaintiff and its counsel have made repeated efforts to resolve the dispute without having to resort to litigation, but Defendant has expressed its unwavering intent to use the ***Garage Sale Vintage*** trademark directly across the street from Plaintiff's longstanding and successful ***Garage*** location in Fishtown, Philadelphia. As described above, Defendant has also apparently instructed its landlord for the building at which Defendant will operate its business to send a threatening email to Plaintiff's counsel.

**<u>Defendant's Use of the Trademark *Garage Sale Vintage* Will Cause a Likelihood of Confusion with Plaintiff's Long Prior Established *Garage* Trademark</u>**

34.     As described above, the services that Defendant plans to provide are closely related or identical to the services that Plaintiff provides under its ***Garage*** trademark. As described above, Defendant will offer a menu of food, margaritas, mini martinis and spritzes, in addition to beer, wine and mocktails. Plaintiff offers these same services at its ***Garage*** bar locations throughout Philadelphia, including in Fishtown which is directly across the street from Defendant's planned location.

35.     Especially given the uniqueness of Plaintiff's *Garage* trademark and the reputation Plaintiff has built up over the last 10 years under its *Garage* trademark in Philadelphia, persons that encounter Defendant's closely geographically proximate business and its services are likely to mistakenly believe that there is an affiliation or association between Defendant business and Plaintiff's well-known business, *i.e.*, that Plaintiff's long established *Garage* bar has expanded into space across the street and increased its offerings to include retail items such as vintage clothing.

36.     Accordingly, Defendant's use of the *Garage Sale Vintage* or simply *Garage Sale* mark (as used at its other locations in the United States) is likely to cause confusion and cause consumers to mistakenly believe that the services provided under Defendant's mark are affiliated or associated with, sponsored or endorsed by, or otherwise originate from Plaintiff when they do not. As Plaintiff does not have the ability to exercise control over the nature of Defendant's business or services, any fault or defect found with Defendant's services would have the tendency to harm Plaintiff and its well-earned favorable reputation under its *Garage* trademark.

37.     Under federal and state law, neither the identity of competing trademarks nor the identity of competing services is required for Plaintiff to establish a likelihood of confusion between the *Garage* and *Garage Sale Vintage* (or *Garage Sale*) trademarks. Courts often afford more weight to the foremost element of a mark, as this first element can be the most memorable or dominant part of a trademark. Moreover, if the first words or terms in competing trademarks are identical or very similar, the likelihood of confusion increases, despite whether the remaining elements of the marks differ.

38.     For the reasons set forth above, Plaintiff will suffer immediate irreparable harm if Defendant is permitted to open its planned establishment under the ***Garage Sale Vintage*** mark and, if Defendant's planned conduct is not enjoined, Plaintiff will suffer irreparable harm.

39.     As Defendant's planned ***Garage Sale Vintage*** establishment has already received traditional media and social media attention in Philadelphia and because it is likely to receive additional attention before any opening, irreparable harm to Plaintiff is already occurring.

## FIRST COUNT — FALSE AND MISLEADING ADVERTISING, UNFAIR COMPETITON, AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

40.     Plaintiff incorporates by reference the preceding paragraphs of its Complaint as if the same were set forth herein.

41.     Section 1125(a) of Title 15 of the United States Code states, in pertinent part, the following:

> Any person who, on or in connection with any good or services, … uses in commerce any word, term, name, symbol, … or any false designation of origin, … which -- is likely to cause confusion, or to cause mistake, or to deceive…as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person…shall be liable in a civil action

42.     Defendant's proposed use of the trademark ***Garage Sale Vintage*** in Philadelphia falsely suggests that Plaintiff is the source of, or is somehow affiliated with the provision of, Defendant's services, and is likely to deceive members of the relevant trade and public into believing that Defendant's services are affiliated with or offered in conjunction with Plaintiff, in violation of 15 U.S.C. § 1125(a).

43.     Defendant's conduct will constitute false and misleading advertising, unfair competition, and false designation of origin in violation of 15 U.S.C. §1125(a).

44.     Defendant's conduct is conducted with willful disregard of Plaintiff's valuable rights in Plaintiff's *Garage* mark. Defendant's conduct constitutes a willful attempt to trade upon the goodwill that Plaintiff has developed in its *Garage* mark.

45.     Plaintiff has no adequate remedy at law. Defendant's conduct is causing and will cause, if not enjoined, irreparable damage to the rights and goodwill of Plaintiff in its *Garage* mark.

46.     As a result of Defendant's conduct, Plaintiff has been damaged and will be damaged.

47.     Plaintiff's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## SECOND COUNT
## UNFAIR METHODS OF COMPETITION AND UNFAIR ACTS UNDER 73 P.S. § 201-2

48.     Plaintiff incorporates by reference the preceding paragraphs of its Complaint as if the same were set forth herein.

49.     Due to Plaintiff's prominent use and promotion of its *Garage* trademark in Philadelphia for more than 10 years and based upon the success and recognition of its *Garage* mark, Plaintiff's mark has become well-known throughout a significant part of Pennsylvania.

50.     Defendant's use of the mark *Garage Sale Vintage* as described herein is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of the services of Defendant. This conduct violates the *Pennsylvania Unfair Trade Practices and Consumer Protection Law*, 73 P.S. § 201-2

51.     Plaintiff has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will cause irreparable damage to Plaintiff's rights in its *Garage* mark, and Plaintiff's reputation and goodwill.

52.     Plaintiff's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## THIRD COUNT
## TRADEMARK INFRINGEMENT UNDER PENNSYLVANIA COMMON LAW

53.     Plaintiff incorporates by reference the preceding paragraphs of its Complaint as if the same were set forth herein.

54.     Defendant has continued its unwavering plans to use *Garage Sale Vintage* mark with knowledge of Plaintiff's rights in the *Garage* mark and despite Plaintiff's clear objection to Defendant's planned use of the *Garage Sale Vintage* mark. Defendant plans to use the *Garage Sale Vintage* mark without Plaintiff's authorization and with the intention of deceiving and misleading the public and/or trading upon the goodwill associated with Plaintiff's established *Garage* mark.  The actions of Defendant therefore constitute trademark infringement and unfair competition.

55.     Plaintiff has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its *Garage* mark, and Plaintiff's reputation and goodwill.

56.     Plaintiff's damages from the aforesaid unlawful actions of Defendant are not yet determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff demands a declaratory judgment as follows:

a. That Defendant, its officers, directors, agents, servants, employees, related companies, licensees, and all persons acting for, with, by, through and under it, be enjoined from:

(1) using any trademark confusingly similar to Plaintiff's trademarks, including Defendant's use of *Garage Sale Vintage* by itself or as part of a composite mark or name and any logo that is similar to Plaintiff's established *Garage* trademark, in connection with any goods and services related to Plaintiff's services;

(2) using any trademark confusingly similar to Plaintiff's trademark in any manner likely to cause confusion, mistake or to deceive the relevant trade and public;

(3) committing any acts calculated to cause consumers or the relevant trade to believe that Defendant's services are associated with or authorized by Plaintiff; and

(4) otherwise competing unfairly with Plaintiff in any manner.

b. That the Court declare Defendant's use of the mark *Garage Sale Vintage* infringes Plaintiff's *Garage* mark, and accordingly, Defendant's use will constitute unfair competition with Plaintiff.

c. That the Court order Defendant to pay monetary damages that Plaintiff has sustained as a consequence of Defendant's trademark infringement and unfair competition, and to account for and pay to Plaintiff:

(1) all gains, profits, and advantages derived by Defendant from its infringement and unfair competition; and

(2) all damages incurred by Plaintiff as a result of Defendant's infringement and unfair competition.

(3) treble and monetary damages pursuant to the Lanham Act, based on the willful nature of Defendant's infringement;

(4)    Plaintiff's attorneys' fees, costs, and any other litigation expenses relating

to the action; and

d.    For such other relief as the Court may deem necessary and just.

Respectfully submitted,

**FLASTER GREENBERG P.C.**

Dated: October 15, 2024    By:

Jordan A. LaVine (PA Bar No. 78503)
 Jordan.lavine@flastergreenberg.com
Eric Clendening (PA Bar No. 316795)
 Eric.clendening@flastergreenberg.com
Laura Lipschutz (PA Bar No. 327974)
 Laura.lipschutz@flastergreenbrerg.com
Flaster Greenberg P.C.
1717 Arch Street, Suite 3300
Philadelphia, PA 19103
215.279.9389

*Attorneys for Plaintiff, 1231 Barrage Incorporated*